UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS L. SHAFER, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 03-90-P-S |
| | ) | Civil No. 05-35-P-S |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Thomas Shafer has filed a 28 U.S.C. § 2255 motion. Shafer, who was sentenced by this court on February 18, 2004, asks the court to resentence him in view of the new clarification of its discretion to do so under the sentencing guidelines as articulated in Booker v. United States, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005).

At least four Circuit Courts of Appeal that have considered the question of the retroactivity of Booker to timely, first-time 28 U.S.C. § 2255 motions and the four are unanimous in concluding that Booker does not apply retroactively to cases so postured. See Guzman v. United States, __ F.3d __, 2005 WL 803214 (2d Cir. Apr. 8, 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). And while the First Circuit has not yet issued a published opinion on this topic, the non-retroactivity of Booker is not disputed by the judges of this district. See Violette v. United States, __ F. Supp. 2d. __, __, 2005 WL 824156, *3 (D. Me. Apr. 8, 2005) (Singal, C.J.); Gerrish v. United States, 353 F. Supp. 2d 95 (D. Me. 2005) (Hornby, J.); Suveges v. United States, Civ. No. 05-18-P-C, 2005 WL 226221, *1 (D.Me. Jan 28,

2005) (Kravchuk, Mag. J.) <u>affirmed</u> Order Adopting Report and Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.); <u>Quirion v. United States</u>, Civ. No. 05-06-B-W, 2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag. J.) <u>affirmed</u> Civ. No. 05-06 –B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock, J.); <u>see</u> <u>also</u> <u>May v. United States</u>, Civ. No. 04-210, slip op. at 1-5 & n.1 (D. Me. Apr. 8, 2005) (Hornby, J.) (denying motion to amend first 28 U.S.C. § 2255 motion to raise a <u>Booker</u> challenge, explaining that <u>Booker</u> is not retroactive to cases on collateral review, further noting that even if it was retroactive the amendment would be futile because, as sentencing judge, Judge Hornby would not reach a different result vis-à-vis the movant's sentence using advisory guidelines).[1]

Accordingly, I recommend that the Court **DENY** Shafer's 28 U.S.C. § 2255 motion.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 12, 2005. /s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] In a separate recommended decision issued today I recommend that the Court deny Shafer's 18 U.S.C. § 3582(c) motion which is also premised on <u>Booker</u>, noting that providing Shafer § 3582(c) relief from his sentence based on <u>Booker</u> would be, in essence, giving <u>Booker</u> retroactive effect to a case that is no longer in the direct appeal pipeline.

2